UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| STANLEY BERG, ) | Bankruptcy No. 05 B 58649 |
|     Debtor, ) | |
| ) | |
| RONALD R. PETERSON, ) | |
|     Plaintiff ) | Adversary No. 06 A 01026 |
| v. ) | |
| STANLEY BERG, et al., ) | |
|     Defendant ) | |

## MEMORANDUM OPINION ON
## GARY TUCKER'S MOTION PURSUANT TO RULE 59

### INTRODUCTION

Defendant Gary Tucker ("Tucker") has moved pursuant to Fed. R. Civ. P. 59(e) ("Rule 59") [Rule 9023 Fed. R. Bankr. P.], for an order to alter or amend the final judgment entered on May 15, 2008, in this proceeding (the "Final Judgment Order"). He also implies a wish to offer additional evidence. In support, he mainly repeated arguments previously raised at trial that were earlier considered and rejected. He offers no new evidence that was unavailable to him at trial, conceding that he still cannot find certain records related to some issues.

Tucker's memorandum does not discuss the grounds on which a Rule 59 motion may be granted, or how the arguments articulated in his Motion satisfy those criteria.

A Rule 59 motion should not be allowed unless there is newly discovered evidence, an intervening change in law, or a manifest error of law is demonstrated. Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998). It may be appropriate when a court has overlooked or misunderstood some material aspect of the case. Hickory Farm, Inc. v. Snackmasters, Inc., 500 F. Supp. 2d 789,

796 (N.D. Ill. 2007). A Rule 59 motion is not properly utilized to advance arguments or present facts that could and should have been presented at trial. Sigsworth v. City of Aurora, Ill., 487 F.3d 506, 512 (7th Cir. 2007).

Tucker does not allege that a material intervening change in law has occurred, nor has such a change occurred. No error of law has been demonstrated.

Tucker does not present any newly discovered evidence. The affidavit attached to the Motion only serves to restate Tucker's statements at trial. He certainly has not offered newly discovered evidence, and is still unable to locate adequate billing records for services rendered to Debtor.

Nor has Tucker shown a "manifest error of law." A manifest error of law is the wholesale disregard, misapplication, or failure to recognize controlling precedent. Oto v. Metropolitan Life Ins Co., 224 F.3d 601, 606 (7th Cir. 2000). His Motion does not establish that the Court has committed a manifest error of law, and Rule 59 motions do not provide an opportunity to relitigate previously rejected arguments. Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1996).

He raises one new issue not argued earlier, namely the contention that applicable precedent followed to bar creation through trial here of a constructive trust that was not adjudicated prior to the bankruptcy filing violates his Constitutional due process rights. He offers no authority for that proposition. Constitutional arguments should be supported by authority, not merely mentioned so as to create appeal points. Moreover, Constitutional arguments not raised prior to entry of judgment

are deemed waived. U.S. Berkowitz, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are not supported by pertinent authority, are waived ...."

All other points raised were dealt with in the Findings of Fact and Conclusions of Law.

## CONCLUSION

Tucker has failed to establish that a Rule 59 order to alter or amend of the Final Judgment Order or allow the case to be reopened for new evidence would be appropriate. He has presented no new evidence. Rather, he has rehashed the arguments already presented by him at trial and stated his disagreement with the results of trial. He failed to point out any aspect of the proceeding that the Court overlooked or misunderstood, and he has not demonstrated error.

Therefore, his Motion is denied by separate Order.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 15th day of June 2008.